1  WOOLLACOTT JANNOL LLP
   Cynthia Woollacott, Esq. (#110119)
2  10350 Santa Monica Boulevard
   Suite 350
   Los Angeles, California 90025-5075
3  310.277.5504
   310.552.7552

4  Attorneys for defendants

5

6

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10  EXACT SCIENCE PRODUCTIONS, )        CASE NO. 3:07 CV 2296 JF
    LLC,                       )
11                             )
              PLAINTIFF,       )        ANSWER OF DEFENDANTS
12                             )        FEMME KNITS, INC.,
       VS.                     )        FOREVER 21, INC.,
                               )        FOREVER 21 RETAIL, INC.,
13  FEMME KNITS INC., ET AL.,  )        NORDSTROM, INC.,
                               )        DELIA*S, INC., AND
14            DEFENDANTS.      )        ALLOY, INC.:
                               )        DEMAND FOR JURY TRIAL

15

16

17       Defendants Femme Knits, Inc., Forever 21, Inc., Forever 21 Retail, Inc.,

18  Nordstrom, Inc., dELIA*s, Inc. and Alloy, Inc. ("defendants") hereby answer

19  the complaint of Exact Science Productions, LLC as follows by respective

    paragraph number.

20       1. Admit federal question jurisdiction is proper pursuant to 28 U.S.C. §

21  1338(a) as it arises under federal copyright law.

22       2. Defendants do not contest venue in this district.

23       3. Admit this is an intellectual property action and defendants do not

    object to district-wide assignment.

                                  1

                                ANSWER

4. Admit this action seeks damages and injunctive relief for alleged copyright infringement. Deny any copyright infringement occurred.

5. Denied based on lack of information or knowledge, except to note the Secretary of State shows plaintiff's name without a hyphen.

6. Admit.

7. Deny, Hapa merged into Femme Knits, Inc. and no longer exists.

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit dELIA*s, Inc. is a Delaware corporation with its principal place of business at 50 West 23rd St., 9th and 10th Floors, New York, NY 10010. Deny the remainder.

13. Admit Femme Knits, Inc. has done and does business in this district. Deny the remainder.

14. Admit defendants have done and do business in this district (dELIA*s and Alloy by mail from out of state and without a physical place of business here). Deny the remainder.

15. Deny based on lack of information or knowledge.

16. Deny based on lack of information or knowledge.

17. Admit plaintiff is the claimant on a copyright registration dated 16 October 2006 for a heart shaped cassette design that names "Gemocil Mateo" as the author, registration number VA 1-378-516. Deny the remainder based on lack of information or knowledge, particularly since the complaint does not contain a depiction of the work itself.

18. Admit Femme Knits, Inc. sells its products in the United States and other countries, Hapa merged into Femme Knits, Inc. and no longer exists, and Femme Knits, Inc. uses various trademarks on its products including

2

Scrapbook Originals and Crafty Couture.  Deny the remainder.

19. Deny.

20. Deny.

21. No response required.

22.  Admit plaintiff is the claimant on a copyright registration dated 16 October 2006 for a heart shaped cassette design that names "Gemocil Mateo" as the author, registration number VA 1-378-516.  Deny the remainder based on lack of information or knowledge.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

## Affirmative defenses

1. Defendants assert laches and estoppel from plaintiff's inexcusable delay, to defendants' prejudice, in registering its copyright on 16 October 2006 and in filing this suit in April 2007, both over two years after defendant Femme Knits, Inc. designed the accused work and plaintiff and defendants offered the respective designs for sale.

2. Defendants assert, to the extent this is an affirmative defense and not an element of plaintiff's count, that plaintiff lacks standing to sue because it was not the author of the work (which was not depicted in the complaint) and it is not the owner of the copyright or the owner of exclusive rights under the copyright.

3. Defendants assert, to the extent this is an affirmative defense and not an element of plaintiff's count, that the alleged copyrighted work (which

3

was not depicted in the complaint) lacks originality and may have been copied from a prior source.

4.  Defendants assert the accused design was fair use of a prior source.

5.  Defendants assert, to the extent this is an affirmative defense and not an element of plaintiff's count, that plaintiff cannot show copying.

6.  Defendants assert the accused design was an independent creation of Femme Knits, Inc.

7.  Defendants assert they had innocent intent.

8.  Defendants assert plaintiff's unclean hands.

## Prayer

Defendants respectfully request judgment in their favor and against plaintiff in all respects; entry of an Order dismissing the complaint; an award of full costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505; and an award of any other and further relief as the Court may deem just or proper.


DATED:7 August 2007          WOOLLACOTT JANNOL LLP

By
     CYNTHIA WOOLLACOTT
     Attorneys for defendants


## Demand for jury trial

Defendants demand trial by jury pursuant to Local Rule 3-6.


DATED: 7 August 2007          WOOLLACOTT JANNOL LLP

By
     CYNTHIA WOOLLACOTT
     Attorneys for defendants

4

---

ANSWER